UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| GERALD FIELDS | Case No. 2:23-cv-3755 |
| Plaintiff, | |
| vs. | Judge Sarah D. Morrison |
| | Magistrate Judge Elizabeth P. Deavers |
| DETECTIVE WILHITE, *Deputy Sheriff*, ET. AL. | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff Gerald Fields, a prisoner at the Noble Correctional Institution ("NCI") proceeding *pro se*, filed a Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1-1.) This matter is now before the Court on Plaintiff's response (the "Response"), (ECF No. 3), to this Court's November 28, 2023, Order requiring Plaintiff to show cause as to why his Complaint is not time barred by Ohio's two-year statute of limitations for the bringing of civil actions under § 1983 (the "OTSC"). (ECF No. 2, PageID # 40.)

Upon consideration of Plaintiff's Complaint and the Response, for the reasons set forth below the Undersigned **RECOMMENDS** Plaintiff's claims for malicious prosecution and civil conspiracy to maliciously prosecute be **DISMISSED without prejudice** as premature, and that all remaining claims set forth in Plaintiff's Complaint be **DISMISSED with prejudice** as time barred.

### I. Factual Background

On November 7, 2023, Plaintiff filed his Complaint naming Detectives Wilhite ("Wilhite") and Moore ("Moore") of the Muskingum County Sheriff's Office, Parole Officers Gaumer

("Gaumer") and Nutter ("Nutter") of the Ohio Adult Parole Authority, Muskingum County Prosecutor Ron Welch ("Welch"), Muskingum County Sheriff Matt Lutz ("Lutz"), the Muskingum County Sheriff's Office,[1] and the Muskingum County Board of Commissioners (the "County Board") as defendants. (ECF. No. 1-1 at PageID # 6–7, 17.) Plaintiff alleges claims under 42 U.S.C. § 1983 against all defendants in their official and individual capacities for unlawful search, conspiracy, and malicious prosecution which Plaintiff asserts violated his right to due process and equal protection. (*Id.* at PageID # 6–7, 17, 23–27.)

The allegations in Plaintiff's Complaint stem from what Plaintiff claims to be a warrantless search of his home performed on February 8, 2019.[2] (*Id.* at PageID # 23.) Plaintiff alleges that defendants Wilhite, Moore, Gaumer, and Nutter conspired to use Plaintiff's status as a parolee to gain access to his home under the guise of a routine parole check, but that the real purpose of the visit was to circumvent having to obtain a search warrant and allow Muskingum Sheriff's Office personnel to perform a warrantless search of Plaintiff's home. (*Id.*)

Plaintiff alleges that as result of the warrantless search he was wrongfully arrested, convicted, and incarcerated. (*Id.* at PageID #24–25.) In conjunction with his arrest, Plaintiff alleges multiple defendants provided false testimony regarding the search and the evidence found in his home in order to secure additional warrants and ultimately Plaintiff's conviction. (*Id.*) Plaintiff also alleges that amongst other personal property, $7,700.00 in cash was seized during the February 2019 search (the "Seized Funds"), and that defendant Welch "placed a criminal forfeiture specification against the funds . . . in an attempt to deprive [ ] Plaintiff of his property."

---

[1] The Court notes that while Muskingum County Sheriff's Office is not listed by Plaintiff as a defendant on his list of parties, Plaintiff does name the Muskingum County Sheriff's Office as a defendant and brings a claim against it in his statement of claims. (*See* ECF No. 1-1 at PageID # 17, 22.)

[2] Plaintiff alleges that defendant Muskingum County Sheriff's Office "adopted the unconstitutional practice and custom of permitting deputies to utilize State Parole Officers . . . as a subterfuge to conduct unlawful, unauthorized, unconstitutional investigations." (*Id.* at PageID # 22.)

2

(*Id.* at PageID # 26.) Plaintiff asserts that although the jury found him "not guilty on the [forfeiture] specifications" the Seized Funds were not returned. *Id.*

As a result of the failure to return the Seized Funds, Plaintiff alleges he initiated "post-conviction proceedings requesting the funds be returned" but due to Welch's alleged false statements (which Plaintiff submits misconstrued ownership of the Seized Funds as being solely owned by Plaintiff's girlfriend), the funds were not returned to Plaintiff, despite the jury finding the Seized Funds were not subject to forfeiture. (*Id.* at PageID # 27, 44.) Plaintiff alleges that he then instituted what would become a multi-year long effort to secure return of the Seized Funds via the filing of an ultimately unsuccessful replevin action in *Fields v. Zanesville Police Dept.*, 5th Dist. Muskingum No. CT2023-0021, 2023-Ohio-2988 (the "Replevin Action"). (ECF No. 3 at PageID # 44.) Plaintiff alleges that on November 14, 2023, the Replevin Action became "final," triggering the statute of limitations in the instant matter. (*Id.*)

The Court liberally construes the claims in the Complaint as Fourth Amendment conspiracy, harassment, due process, and equal protection violations arising from the allegedly illegal search and seizure and wrongful arrest, and malicious prosecution claims. (ECF No. 1-1 at PageID # 19–22.) Plaintiff alleges that he suffered mental and emotional distress and deprivation of the Seized Funds due to the actions of all defendants. (*Id.* at PageID # 9.) As relief, Plaintiff seeks release from confinement, $1,500,000.00 from each individual defendant, and $3,500,000.00 from the Muskingum County Sheriff's Office. *Id.*

## II. Standard of Review

In cases filed by prisoners, a court must conduct an initial screening and dismiss the complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when, as here, the prisoner proceeds *in forma pauperis*. (*See* ECF No. 2 (granting leave to proceed *in forma pauperis*)).

To determine whether a complaint states a claim upon which relief may be granted, the court reviews the complaint for whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must contain plausible allegations showing (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Although the statute of limitations is an affirmative defense that typically does not result in a pre-answer dismissal, where (as here) "the allegations in the complaint affirmatively show

4

that [a] claim is time-barred," it is appropriate to dismiss on that basis. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### III. Discussion

As noted above, Plaintiff's § 1983 Complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. (ECF No. 2 at # PageID 40 (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Wallace v. Kato*, 549 U.S. 384, 387 (2007))). "However, federal law determines the accrual of civil rights claims," *id.* (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)), which in the Sixth Circuit means the limitations period for Section 1983 claims "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred, *id.* (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).[3]

Here, Plaintiff admits that the "initial harm" alleged in his Complaint arose from the February 2019 warrantless search of his home, but he argues that the damage he suffered "was not final, and did not accrue," until after the state courts rendered their decision on the Replevin Action regarding the Seized Funds in November 2023. (ECF No. 3 at PageID 44.) Put another way, Plaintiff argues that the two-year statute of limitations period was tolled during the pendency of the Replevin Action and that his Complaint is timely filed.

While Plaintiff's Complaint suffers from a multitude of defects, for the reasons set forth below this Court **RECOMMENDS** that all claims in Plaintiff's Complaint be **DISMISSED** as either **time barred** or **premature,** rendering any amendment as futile**.**

---

[3] "This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Friedman*, 929 F.2d at 1159 (citing *Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 210 (S.D. Ohio 1987)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273 (citing *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977)).

### A. Plaintiff's Malicious Prosecution Claims are Premature.

Plaintiff alleges malicious prosecution claims along with equal protection, due process, and conspiracy claims relating to his malicious prosecution claims against multiple defendants. (ECF No. 1-1 at PageID 19–22.) These claims are premature.

For malicious prosecution claims, "the statute of limitations begins to run when the *criminal proceedings* against the defendant are terminated, regardless of the stage at which those proceedings may have been when terminated." *Dawson v. Monroe Cnty., Tenn.*, No. 3:13–CV–240, 2014 WL 700400, at *5 (E.D. Tenn. 2014) (emphasis added) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). However, malicious prosecution is a type of claim that accrues "only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 588 U.S. ---, 139 S. Ct. 2149, 2156 (2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

Here, Plaintiff's malicious prosecution claims are premature as Plaintiff does not allege that the underlying criminal prosecution against him has terminated in his favor.[4] *Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 WL 5842149, at *2 (M.D. Tenn. 2015) (malicious prosecution claim is premature when criminal proceedings have yet to conclude). As a "claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury," a civil conspiracy claim cannot proceed without a corresponding actionable constitutional claim. *Braxton v. Heritier*, No. 14-12054, 2015 WL 3915857, at *5 (E.D. Mich.

---

[4] The Court takes judicial notice of the docket sheet and entries in Plaintiff's criminal case in the Muskingum County Court of Common Pleas, Case No. CR2019-0123, indicating that Plaintiff was convicted of multiple counts of possession of, trafficking in, and manufacturing of illegal drugs on June 5, 2019, and sentenced on August 14, 2019. *See, e.g.*, *Overton v. Tennessee*, 590 F. Supp. 3d 1087, 1089 n.1 (M.D. Tenn. 2022) (taking judicial notice of docket of state court proceedings in federal habeas case). While Plaintiff has most recently filed a request for leave to seek a new trial on February 15, 2024, the motion for new trial remains unresolved at the time of this Recommendation. *See* Muskingum County Ohio, Muskingum County Common Pleas Clerk of Courts, Case No. CR2019-0123, available at: https://clerkofcourts.muskingumcounty.org/eservices/searchresults.page?x=2PPg14hKn6fi4TqxMAbwU3ajORB-rNA1P44FOppzf5DOGmB3T5lrfzkps98NhBX-m7CTNQd8jn052*cjbrw9ZQ (last accessed Mar. 10, 2024).

2015) (quoting *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014)). Put another way, a civil conspiracy claim survives only to the extent a separate constitutional claim also survives. *Id.* As Plaintiff's malicious prosecution claims are premature, any civil conspiracy claims relating to it also must fail as premature.[5]

As such, the Undersigned **RECOMMENDS** all malicious prosecution claims against all defendants (as well as any due process, equal protection, and conspiracy claims relating to his malicious prosecution claims) must be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted subject to Plaintiff's ability to reassert such claims if he is eventually exonerated on the criminal charges for which he is currently incarcerated.

### B. All Remaining Claims must be Dismissed as Time Barred

Plaintiff brings due process, equal protection and conspiracy claims against multiple defendants arising from what he alleges to be an illegal warrantless search and seizure occurring in February 2019, resulting in his alleged wrongful arrest and conviction. (ECF No. 1-1 at PageID # 19–22.) All claims arising from or culminating in the February 2019, search are time barred.

Plaintiff admits that most of the harm alleged in his Complaint "initially occurred in 2019," including the alleged conspiracy to commit an illegal warrantless search and seizure, the warrantless search and seizure itself, and confiscation of the Seized Funds and the resulting due process and equal protection violations. (ECF No. 3 at PageID 43–44.) Plaintiff submits, however, that the limitations period for filing a Section 1983 complaint does not begin to run on any of his claims until he "suffer[ed] the major portion of his loss"—the "final" deprivation of the Seized

---

[5] Any due process or equal protection claims alleged by Plaintiff that he intended to apply to his malicious prosecution claim are also premature for these same reasons. As the statute of limitations begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of his action," if and until Plaintiff receives a favorable result in the criminal proceedings against him, no malicious prosecution claim has accrued. *Sevier*, 742 F.2d at 273.

7

Funds in November 2023, at the conclusion of his state Replevin Action. (ECF No. 3 at PageID # 44.) Plaintiff does not provide and this Court is unaware of any support for such a position.

As an initial matter, even if the Replevin Action did toll the limitations period, Plaintiff makes no argument as to why his other claims would be tolled by the pendency of the Replevin Action, as that action relates only to the Seized Funds. Notably, for purposes of limitations calculation, Ohio's two-year limitations period for claims alleging unlawful search and seizure and wrongful arrest[6] run from "the time of injury, when the plaintiff becomes aware of" the alleged violation, *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (cleaned up), as do claims under 42 U.S.C. § 1983, for civil conspiracy, *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)); *see also Sevier*, 742 F.2d at 272. As Plaintiff was present during the February 8, 2019, search, the statute of limitations began to run on his Fourth Amendment search and seizure claims and any related due process, conspiracy, or equal protection claims at that time. *Nicholson v. Wood*, No. 1:18-CV-P131, 2019 WL 1139492 at *2 (W.D. Ky. 2019) (citing *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008). Because Plaintiff admits that most of the harm alleged in his Complaint—the emotional and mental distress and confiscation of the Seized Funds—arose from the search and seizure in February 2019, (ECF No. 3 at PageID # 43–44), but did not file his Complaint until November 2023, it appears the two-year time limit to file such a claim passed in February 2021, barring all claims arising from the 2019 search and seizure.

By arguing the limitations period runs from the date a final judgment was rendered in his Replevin Action, Plaintiff appears to analogize his wrongful search and seizure claim as to the

---

[6] Although Plaintiff does not make a formal claim for wrongful arrest, to the extent his claims could be construed as such, a § 1983 cause of action for false arrest also accrues at the time of the arrest, because a "petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

8

Seized Funds to a claim governed by the Takings Clause. (ECF No. 3 at # PageID 44.) While a claim arising under the Takings Clause may require "finality" before it is ripe,[7] the Takings Clause is not applicable here.

"[I]t is well settled that a state's seizing and retaining property as part of a criminal investigation is not a 'taking' for a 'public purpose' under the Fifth Amendment, and thus does not give rise to a [Takings Clause claim]." *Bennis v. Michigan*, 516 U.S. 442, 452–53 (1996); *see also AmeriSource Corp. v. United States*, 525 F.3d 1149, 1155 (Fed. Cir. 2008) (noting that "the character of the government action is the sole determining factor" as to whether a plaintiff may bring a compensable takings claim). As a governmental seizure of property utilizing its police powers is criminal in nature, *see United States v. Droganes*, 728 F.3d 580, 591 (6th Cir. 2013), the Takings Clause in the Fifth Amendment does not apply.

Plaintiff's § 1983 action is not an action for the return of the Seized Funds. Instead, it is an action for *damages* against officials who violated his constitutional rights via taking the Seized Funds. *See Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (describing Section 1983 as permitting recovery from state officials to vindicate constitutional wrongs). As Plaintiff alleges the Seized Funds were taken by multiple defendants while utilizing their policing power, "the statute of limitations begins to run on the date of the wrongful appropriation." *Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 210–11 (S.D. Ohio 1987) (citing *Schaefer v. Stack*, 641 F.2d 227 (5th Cir. 1981); *Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir. 1976); *Altair Corp. v. Pesquera DeBusquets*, 769 F.2d 30, 32 (1st Cir. 1985)).

---

[7] Takings Clause cases may present ripeness and therefore finality issues "because the state action is not complete until the state has failed to provide just compensation for the confiscated property." *Cash v. Hamilton Cnty. Dept. of Adult Probation*, No. 1:01-CV-753, 2006 WL 314491, at *3 (S.D. Ohio 2006).

As the alleged wrongful seizure occurred in February 2019, in conjunction with the alleged illegal search of Plaintiff's home, the two-year limitations period began to run at the time the Seized Funds were taken and expired two years later in February 2021, well before Plaintiff filed his Complaint. It is for these reasons the Undersigned **RECOMMENDS** that all remaining claims set forth in Plaintiff's Complaint arising from the February 2019 search and seizure and subsequent arrest, including Plaintiff's Fourth Amendment, equal protection, due process, and conspiracy claims against all defendants be **DISMISSED with prejudice** as time barred.

**IV. Conclusion**

Having conducted the initial screen required by law, considering Plaintiff's Complaint and his Response to the OTSC, the Undersigned **RECOMMENDS** Plaintiff's malicious prosecution claims and any due process, equal protection, or conspiracy claims relating to Plaintiff's malicious prosecution claim be **DISMISSED without prejudice** as premature, and that all remaining claims set forth in Plaintiff's Complaint be **DISMISSED with prejudice** as time barred.

**IT IS SO RECOMMENDED.**

March 18, 2024
*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections to Report and Recommendations**

If any party objects to this Report and Recommendation, that party may, within **FOURTEEN (14)** days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).