UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD FIELDS,**

        **Plaintiff,**      :

  v.                            **Case No. 2:23-cv-3755**
                                    **Judge Sarah D. Morrison**
                                    **Magistrate Judge Elizabeth**
**DETECTIVE WILHITE,** *et*          **Preston Deavers**
*al.***,**                          :

        **Defendants.**

## ORDER

    This matter is before the Court on the Report and Recommendation (R&R, ECF No. 5) issued by the Magistrate Judge on March 18, 2024. After performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that (1) Plaintiff Gerald Fields's malicious prosecution claims and any related claims be dismissed without prejudice as premature; and (2) all remaining claims set forth in Mr. Fields's Complaint be dismissed with prejudice as time barred. (*Id.*) Mr. Fields timely filed an objection (Obj., ECF No. 6).

    For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 5) and **DISMISSES** the Complaint (Compl., ECF No. 4).

**I.**    **BACKGROUND**

    Mr. Fields is an Ohio inmate proceeding without assistance of counsel. (ECF No. 1.) He commenced this action against Parole Officers Gaumer and Nutter of the

Ohio Adult Parole Authority, the Muskingum County Sheriff's Office, the Muskingum County Board of Commissioners, and several Muskingum County prosecutorial officials, including Detectives Wilhite and Moore, Sheriff Matt Lutz, and Prosecutor Ron Welch. (Compl., PAGEID # 59–60.) Mr. Fields alleges claims under 42 U.S.C. § 1983 against all Defendants in their official and individual capacities arising from a search of his home on February 8, 2019. (*Id.*, PAGEID # 51, 62–64.) He asserts that the search was warrantless and resulted in his wrongful arrest and conviction. (*Id.*, PAGEID # 66–67.)

According to Mr. Fields, $7,700.00 in cash (among other personal property) was seized during the search. (Compl., PAGEID # 69.) Although a jury found that these funds were not subject to forfeiture, the funds were not returned to Mr. Fields. (*Id.*) He subsequently instituted an unsuccessful post-conviction replevin action to secure return of the funds, which action became "final" on November 14, 2023, when the trial court deemed the funds abandoned and ordered them distributed to the Muskingum County Prosecutor's Office and the Zanesville Police Department. (ECF No. 3, PAGEID # 44); *see* Entry (Nov. 14, 2023), *State of Ohio v. Fields*, No. CR2019-0123 (C.P. Muskingum).

In addition to deprivation of the funds, Mr. Fields alleges that he suffered mental and emotional distress, and he seeks release from confinement, $1,500,000.00 from each individual Defendant, and $3,500,000.00 from the Muskingum County Sheriff's Office. (Compl., PAGEID # 51.)

The Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss Mr. Fields's claims. (R&R, PAGEID # 80.) Mr. Fields objects. (Obj., PAGEID # 83.)

## II.   STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Fields's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (R&R, PAGEID # 73–74.) The Magistrate Judge "liberally construe[d] the claims in the Complaint as Fourth Amendment conspiracy, harassment, due process, and equal protection violations arising from the allegedly illegal search and seizure and wrongful arrest, and malicious prosecution claims." (*Id.*, PAGEID # 73.) Upon review, the Magistrate Judge recommended that Mr. Fields's claims be dismissed either as premature or as time barred. (*Id.*, PAGEID # 75.)

First, the Magistrate Judge concluded that Mr. Fields's malicious prosecution claims "are premature as [he] does not allege that the underlying criminal prosecution against him has terminated in his favor." (R&R, PAGEID # 76.)

3

Because of this, any civil conspiracy, due process, and equal protection claims relating to it "also must fail as premature." (*Id.*, PAGEID # 77, 77 n.5.)

Second, with respect to Mr. Fields's remaining due process, equal protection, and conspiracy claims, the Magistrate Judge reasoned that because Mr. Fields "admits that most of the harm alleged in his Complaint—the emotional and mental distress and confiscation of the Seized Funds—arose from the search and seizure in February 2019," the two-year statute of limitations to file claims passed in February 2021, such that his action is time barred. (R&R, PAGEID # 78.)

Mr. Fields objects to the Magistrate Judge's Report and Recommendation, arguing that the decision "ignores the fact the harm in this case is ongoing" and that it would be "improper to apply the statute of limitations to the current issue" because he believed he needed to wait to bring his federal action "until he gave every state court a fair opportunity to address the issue" and "the last state court render[ed] a judgment[.]" (Obj., PAGEID # 83.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As to Mr. Fields's malicious prosecution claims, the Magistrate Judge correctly observed that "the statute of limitations begins to run when the criminal proceedings [] are terminated" in the plaintiff's favor. (R&R, PAGEID # 76 (citations omitted).) At the time the Magistrate Judge issued her recommendation, the underlying criminal case against Mr. Fields had yet to conclude because he had moved for a new trial and his request was still pending before the trial court. (*Id.* (citing *State of Ohio v. Fields*, No. CR2019-0123 (C.P. Muskingum)).) As of this

4

Court's review, the trial court has denied Mr. Fields's motion, and he has appealed his case. *See* Entry (Apr. 4, 2024), *State of Ohio v. Fields*, No. CR2019-0123 (C.P. Muskingum). Thus, the criminal proceedings against Mr. Fields have not been terminated in his favor, and his malicious prosecution claim is premature. Further, as the Magistrate Judge properly noted, his related claims "survive[] only to the extent a separate constitutional claim also survives." (R&R, PAGEID # 77 (citation omitted).) Accordingly, these claims are **DISMISSED** without prejudice to refiling if and when Mr. Fields is exonerated on the criminal charges for which he is currently incarcerated.

Concerning Mr. Fields's other claims, the Court agrees with the Magistrate Judge that it appears Mr. Fields has mistakenly analogized his wrongful search and seizure claim involving the seized $7,700.00—which has a two-year limitations period beginning on the date of the wrongful appropriation—to a Takings Clause claim—which is not ripe until the state action is complete with respect to the taken property. (R&R, PAGEID # 78–79.) Because Mr. Fields acknowledges that the funds were seized in February 2019, his deadline to commence his action was February 2021, almost three years before he filed the instant Complaint. His claims are thus time barred and are **DISMISSED** with prejudice.

IV. **CONCLUSION**

Mr. Fields's Objection (ECF No. 6) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 5). Mr. Fields's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE**

5

this case from the docket of the United States District Court for the Southern District of Ohio.

    **IT IS SO ORDERED.**

                                        /s/ Sarah D. Morrison
                                        **SARAH D. MORRISON**
                                        **UNITED STATES DISTRICT JUDGE**