UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD FIELDS,**

   **Plaintiff,**  :

 v.

            Case No. 2:23-cv-3755
            Judge Sarah D. Morrison
            Magistrate Judge Elizabeth
**DETECTIVE WILHITE,** *et*    Preston Deavers
*al.*,          :

   **Defendants.**

## ORDER

  This matter is before the Court for consideration of Plaintiff Gerald Fields's Motion for Reconsideration (Mot., ECF No. 9). On March 18, 2024, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 5) recommending that this Court dismiss Mr. Fields's claims. On May 20, 2024, the Court adopted and affirmed the R&R (Order, ECF No. 7). Mr. Fields now asks the Court to reconsider its Order and permit his claims to proceed.

  The Federal Rules of Civil Procedure permit litigants to file a motion to alter or amend a judgment within 28 days after the judgment is entered. Fed. R. Civ. P. 59(e). Motions for reconsideration that are brought within this 28-day window are generally considered to have been brought pursuant to Rule 59(e). *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). The Court construes Mr. Field's Motion as one to alter or amend the judgment pursuant to Rule 59(e).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A Rule 59(e) motion is "seldom granted because it contradicts notions of finality and repose." *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013) (Smith, J.). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In his Motion, Mr. Fields contends that certain of his claims are not (and "can never be") time barred pursuant to a two-year statute of limitations because the replevin action became final on November 14, 2023. (Mot., PAGEID # 94.) Both the Magistrate Judge and the Court previously considered and addressed this argument—Mr. Fields may not use his Motion to re-litigate issues. Similarly, Mr. Fields dedicates the remainder of his Motion to re-arguing the merits of his case, but he does not establish the existence of an intervening change in controlling law or newly available evidence, nor does he demonstrate a need to correct a clear error of law or to prevent manifest injustice. As a result, the Motion for Reconsideration (ECF No. 9) is **DENIED**.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**